### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **Douglas Adacia aka Adacia Douglas,** | ) | **CASE NO. 1:25 CV 1312** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Cuyahoga County Sheriff, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Douglas Adacia, who also refers to himself as Adacia Douglas (Doc. No. 1 at PageID #: 1, 8), filed this action against the Cuyahoga County Sheriff, the City of Cleveland, Cleveland Mayor Justin Bibb, Cleveland Police Chief Dorothy A. Todd, Timothy J. Puin, "several unknown Deputy Sheriff," "unknown Cleveland Police Officer," and Cuyahoga County.  In the Complaint, Plaintiff alleges he received a trespass warning from the Cuyahoga County Sheriff's Department and was arrested when he later entered the Cuyahoga County Justice Center for a hearing in a criminal case.  He does not identify the legal claims he intends to bring and seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  (Doc No. 2).  That Application is granted.

1

**BACKGROUND**

Plaintiff alleges that on January 10, 2025, he went to the Justice Center in Cuyahoga County to file *pro se* Motions.  He indicates that he was followed by Sheriff's deputies.  As Plaintiff waited in line for an available clerk, a Cleveland police officer handed him a trespass warning, and ordered him to leave immediately or be arrested.  He states he was unable to submit a public records request for information for his investigation unto the City of Cleveland Police Department and the Cuyahoga County Sheriff's Office.  He claims he left the building and was afraid to return.

Plaintiff attempted to enter the Justice Center at the end of January 2025.  He states he had a hearing in a criminal case pending before Judge Susan Sweeney.  The Cleveland Municipal Court docket indicates he had a pretrial hearing on January 28, 2025 before Judge Sweeney in *City of Cleveland v. Douglas*, No. 2024-CRB-00906 (Cleveland Mun. Ct. filed Oct. 9, 2024).  Plaintiff claims that he passed through the metal detectors at the entrance to the courthouse and was accosted by sheriff's deputies who roughly grabbed him and arrested him.  He was charged with aggravated disorderly conduct, aggravated trespass, and obstructing official business.  Those charges are still pending.  *See City of Cleveland v. Douglas*, No. 2025-CRB-00865 (Cleveland Mun. Ct. filed Jan. 29, 2025).  He contends that when he was released, the content of his phone had been deleted.

Plaintiff alleges that Mayor Bibb and Police Chief Dorothy Todd personally participated and gave orders to other members of law enforcement to threaten him with physical harm.  He indicates that Todd and Bibb gave orders to wage a secret war and to make sure the gang of law enforcement officers safely destroys all of the evidence.  He alleges that they ordered law enforcement to initiate "a gang banging routine against Plaintiff,

2

consisting of some egregious criminal act of violence or disrespect geared toward the Plaintiff." (Doc. No. 1 at PageID #: 12). He contends these acts show loyalty to the gang. He claims that for this reason, he will not eat at restaurants because he fears that people are adulterating his food. He describes himself as an independent journalist reporting on government waste and fraud. He states he makes frequent public records requests and was attempting to pick up evidence that he could use in a civil case when he was given the trespass warning.

Plaintiff does not specifically indicate which legal claims he intends to bring. He indicates officers brought charges against him to cover up the sheriff's deputies' assault and false arrest. He seeks $ 26,000,000.00 in damages, a permanent protection order, appointment of a special prosecutor to bring charges against the Defendants, a statement that the City of Cleveland violated a consent decree and a written and public apology.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

3

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, Plaintiff does not clearly identify the legal claims he intends to assert. He states that charges were brought against him to cover up the sheriff's deputies' assault and false arrest. To the extent that this statement can be construed as an attempt to assert claims for assault and false arrest, they are asserted only against the Defendants identified as "Several Unknown Deputy Sheriff." Plaintiff fails to identify any claims against the other Defendants. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not contain any suggestion of the legal claims Plaintiff intended to assert against the Cuyahoga County Sheriff, the City of Cleveland, Mayor Justin Bibb, Cleveland Police Chief

4

Dorothy Todd, Timothy Puin, Unknown Cleveland Police Officers and Cuyahoga County. *Iqbal*, 556 U.S. at 678.

While the Court can construe Plaintiff's use of terms "assault" and "false arrest" as legal claims, his attempt to bring these claims against a vague number of unidentified individuals is insufficient to impose liability on any particular deputy.  Plaintiff cannot establish the liability of any individual Defendant absent a clear showing that the particular Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  Listing "Several Unknown Deputy Sheriff" as a Defendant is not sufficient to hold any particular individual liable for an alleged constitutional violation.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

  s/*Pamela A. Barker*
PAMELA A. BARKER
Date:  July 29, 2025               U. S. DISTRICT JUDGE

5